IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROUNA BANGOURA # 54138-037　　　*

Petitioner　　　　　　　　　　　　　　*　Civil Action No.  WDQ-12-3459

v.　　　　　　　　　　　　　　　　　　*

UNITED STATES OF AMERICA　　　　　　*

Respondent　　　　　　　　　　　　　　*

\*\*\*

## MEMORANDUM

　　Harouna Bangoura has submitted a letter stating that he was improperly credited for time served toward his federal sentence. Bangoura's letter challenges the calculation and execution of his sentence. As such, it is properly considered as a Petition for Writ of Habeas Corpus under 28 U.S.C. §2241. *See United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004) (a federal prisoner's "request for sentencing credit is properly brought under § 2241").

　　Bangoura pleaded guilty to violating the terms and conditions of his release while he was under the supervision of the Department of Homeland Security. On July 2, 2012, Magistrate Judge Paul Grimm sentenced him to twelve months of incarceration to be followed by twelve months supervised release for violating 8 U.S.C. § 1253(b). Bangoura's appeal of his conviction is pending before this Court in Criminal Action No WDQ-12-409 (D. Md.).

　　Federal courts may grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). As a general rule, a petitioner seeking judicial review of the execution of his sentence "should name his warden as respondent and file the petition in the district of confinement." *Little*, 392 F. 3d at 680 (quoting *Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004)); 28 U.S.C. § 2242 (a § 2241 petition should name as respondent "the person who has custody over [the prisoner].").

In this case, Bangoura is in the custody of the Warden, United States Penitentiary, Bruceton Mills, West Virginia, a correctional facility in the Northern District of West Virginia. Accordingly, his Petition will be dismissed without prejudice to refiling in the proper judicial district.

Additionally, because Bangoura does not indicate that he has attempted to administratively exhaust his claims before the Bureau of Prisons, the Petition is dismissible on this basis as well. The Court will dismiss the Petition without prejudice by separate Order to follow.

12/3/12
Date

William D. Quarles, Jr.
United States District Judge